Trevor W. Barrett (SBN 287174)
tbarrett@donigerlawfirm.com
Nelson A. Campbell (SBN 357579)
ncampbell@donigerlawfirm.com
DONIGER / BURROUGHS
603 Rose Avenue
Venice, California 90291
Telephone: (310) 590-1820

Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KLAUBER BROTHERS, INC., a New York corporation,<br><br>Plaintiff,<br><br>v.<br><br>NORDSTROM, INC., a Washington corporation; COQUETTE INTERNATIONAL INC., a Canadian corporation; and DOES 1 through 10,<br><br>Defendants. | Case No.:<br><br>PLAINTIFF'S COMPLAINT FOR:<br><br>1. COPYRIGHT INFRINGEMENT<br>2. VICARIOUS COPYRIGHT INFRINGEMENT<br><br>Jury Trial Demanded |

Plaintiff Klauber Brothers, Inc., a New York corporation, by and through its undersigned attorneys, hereby prays to this honorable Court for relief based on the following:

**JURISDICTION AND VENUE**

1. This action arises under the Copyright Act of 1976, Title 17 U.S.C., § 101 *et seq*.

2. This Court has federal question jurisdiction under 28 U.S.C. §§ 1331 and 1338(a) and (b).

3. Venue in this judicial district is proper under 28 U.S.C. §§ 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## PARTIES

4. Plaintiff Klauber Brothers, Inc. ("Klauber" or "Plaintiff") is a corporation organized and existing under the laws of the State of New York with its principal places of business in New York and Los Angeles.

5. Plaintiff is informed and believes and thereon alleges that Defendant Nordstrom, Inc. ("Nordstrom") is a Washington corporation with its principal place of business at 1617 Sixth Avenue, Seattle, Washington 98101, which does business in and with the state of California and is registered with the California Secretary of State.

6. Plaintiff is informed and believes and thereon alleges that Defendant Coquette International Inc. ("Coquette") is a Canadian corporation with its principal place of business at 1170 Franklin Boulevard, Cambridge, Ontario N1R 7J2, Canada. Coquette is registered with the Texas Secretary of State to transact business in Texas (File No. 0805125382), maintains a facility at 13750 FM 529, Building 5, Houston, Texas 77041, and has a registered agent for service of process, United Corporate Services, Inc., at 815 Brazos Street, Suite 500, Austin, Texas 78701. Plaintiff is further informed and believes and thereon alleges that Coquette designs, sources, imports, and/or distributes lingerie and apparel under the "COQUETTE" brand; operates the website www.coquette.com, including under the name "Coquette USA"; and sells its products to consumers and retailers throughout the United States, including in this judicial district.

7. Plaintiff is informed and believes and thereon alleges that some of Defendants Does 1 through 3, inclusive, are manufacturers and/or vendors of garments to Defendant, which Defendants have manufactured and/or supplied and are manufacturing and/or supplying garments bearing lace manufactured with Plaintiff's

copyrighted designs (as hereinafter defined) without Plaintiff's knowledge or consent or have contributed to said infringement. The true names, whether corporate, individual or otherwise of Defendants Does 1-3, inclusive, are presently unknown to Plaintiff, which therefore sues said Defendants by such fictitious names and will seek leave to amend this complaint to show their true names and capacities when same have been ascertained.

8. Defendants Does 4 through 10, inclusive, (collectively with Nordstrom, Coquette, and Does 1 through 3, "Defendants") are other parties not yet identified who have infringed Plaintiff's copyrights, have contributed to the infringement of Plaintiff's copyrights, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual or otherwise, of Defendants 4 through 10, inclusive, are presently unknown to Plaintiff, which therefore sues said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

## CLAIMS RELATED TO DESIGN 3039

9. Prior to the conduct complained of herein, Plaintiff composed an original two-dimensional artwork for purposes of lace production. It allocated this design an internal design Number 3039 ("Subject Design").

10. The Subject Design is an original creation and is, and at all relevant times was, owned exclusively by Plaintiff.

11. Plaintiff applied for and received a Certificate of Registration from the United States Copyright Office covering the Subject Design.

12. Prior to the acts complained of herein, Plaintiff sampled and sold lace bearing the Subject Design and Number 3039 to numerous parties in the fashion and apparel industries.

13. Following this distribution of the Subject Design, Plaintiff's investigation revealed that certain entities within the fashion and apparel industries had

misappropriated the Subject Design and were selling fabric and garments bearing illegal reproductions and/or derivations of the Subject Design.

14. Plaintiff is informed and believes and thereon alleges that, without Plaintiff's authorization, Nordstrom, Coquette and certain Doe Defendants, created, sold, offered for sale, manufactured, caused to be manufactured, imported and/or distributed fabric and/or garments incorporating fabric that bears artwork identical to or substantially similar to the Subject Design ("Infringing Products"). Such garments include but are not limited to the lingerie set sold by Nordstrom under the name "Coquette Crop Lace Top & Tap Shorts Set," Item No. 6600246, and by Coquette under the name "Serene Dreams Cami & Shorts Set," Style No. 21401.

15. The Infringing Products bear labels displaying the "COQUETTE®" brand name and Canadian CA Identification No. 06093, and are packaged with labels bearing Coquette Style No. 21401, indicating that they were manufactured, imported, and/or distributed by or for Coquette.

16. Plaintiff is further informed and believes and thereon alleges that Coquette offered for sale and sold the Infringing Products directly to consumers through its website, www.coquette.com, under the name "Serene Dreams Cami & Shorts Set," Style No. 21401, and supplied the Infringing Products to retailers, including Nordstrom, for resale.

17. Plaintiff is further informed and believes and thereon alleges that Nordstrom offered for sale and sold the Infringing Products through its website, www.nordstrom.com, under the name "Coquette Crop Lace Top & Tap Shorts Set," in the color "White," Item No. 6600246.

18. Below is a comparison of the Subject Design with exemplars of the Infringing Products as offered for sale by Nordstrom and Coquette, which feature segments of lace incorporating at least a portion of the exact same unauthorized copy of the Subject Design:

| Subject Design | Exemplars of Infringing Products |
| --- | --- |

| | |
|---|---|
| Klauber Design 3039<br> | Offending Product Name: "Coquette Crop Lace Top & Tap Shorts Set" – White, Item No. 6600246 (nordstrom.com)<br><br>Detail:<br><br>Garment:<br><br><br> |

| Klauber Design 3039 | Offending Product Name: "Serene Dreams Cami & Shorts Set," Style No. 21401 (coquette.com) |
| --- | --- |
|  | Detail:  Garment:   |

| Subject Design | Exemplars of Infringing Products |
| --- | --- |
|  |  |

19. The above comparisons make apparent that the elements, composition, arrangement, layout, and appearance of the design on the Infringing Products are substantially similar to the Subject Design.

**FIRST CLAIM FOR RELIEF**

(For Copyright Infringement – Against All Defendants, and Each)

20. Plaintiff repeats, realleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

21. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, had access to Subject Design, including, without limitation, through (a) access to Plaintiff's showroom and/or design library; (b) access to illegally distributed copies of the Subject Design by third-party vendors and/or Defendants, including without limitation international and/or overseas converters and printing mills; (c) access to Plaintiff's strike-offs and samples; and (d) garments manufactured and sold to the public bearing fabric lawfully printed with the Subject Design by

Plaintiff for its customers. Access is also established by the striking similarity between the Subject Design and lace design of the Infringing Products.

22. Plaintiff is informed and believes and thereon alleges that one or more of the Defendants manufactures garments and/or is a garment vendor. Plaintiff is further informed and believes and thereon alleges that said Defendant(s) has an ongoing business relationship with Defendant retailers, and each of them, and supplied garments to said retailers, which garments infringed the Subject Design in that said garments were composed of fabric which featured unauthorized designs that were identical or substantially similar to the Subject Design, or were illegal derivations or modifications thereof.

23. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, infringed Plaintiff's copyrights by creating, making, and/or developing directly infringing and/or derivative works from the Subject Design and by producing, distributing and/or selling garments which infringe the Subject Design through a network of retail stores, catalogues, and through on-line websites.

24. Due to Defendants' acts of infringement, Plaintiff has suffered substantial damages to its business in an amount to be established at trial.

25. Due to Defendants' acts of infringement, Plaintiff has suffered general and special damages in an amount to be established at trial.

26. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of the Subject Design. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendant's infringement of Plaintiff's rights in the Subject Design in an amount to be established at trial.

27. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and

each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000) per infringement. Within the time permitted by law, Plaintiff will make its election between actual damages and statutory damages.

## SECOND CLAIM FOR RELIEF

(For Vicarious Copyright Infringement – Against COQUETTE INTERNATIONAL INC.)

28. Plaintiff repeats, realleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

29. On information and belief, Klauber alleges that Coquette is vicariously liable for the infringement alleged herein because it had the right and ability to supervise the infringing conduct and because it had a direct financial interest in the infringing conduct. Specifically, Coquette profited in connection with the Infringing Products, and was able to supervise the production, reproduction, distribution, sale, and publication of the Infringing Products, including through its supply of the Infringing Products to retailers such as Nordstrom and its fulfillment and shipment of orders for the Infringing Products placed through such retailers' websites.

30. Coquette, *inter alia*, directed the manufacture of or selection and sourcing of materials and designs for the Infringing Products or had agreements requiring the manufacture or sourcing of certain materials or designs, with the ability and right to supervise, direct, cancel, or otherwise modify its orders for the manufacture or purchase of the Infringing Products. Klauber is informed and believes and thereon alleges that Coquette had agreements such that it had oversight and control over the sourcing of lace affixed to the Infringing Products.

31. Coquette also has a direct financial interest in its suppliers' conduct, including with respect to the Infringing Products, because Coquette realizes increased profits through the proliferation and dissemination of the Infringing Products through

its retail business and through downstream retailers by disregarding the intellectual property rights of copyright holders such as Klauber and saving money on licensing fees and costs with regard to the same.

32. Klauber alleges that Coquette committed vicarious copyright infringement with actual knowledge or reckless disregard of its rights such that acts of vicarious copyright infringement were, and continue to be, willful, intentional, and malicious.

33. By reason of Coquette's acts of vicarious infringement as alleged above, Klauber has suffered general and special damages in an amount to be established at trial.

34. Due to Coquette's acts of copyright infringement as alleged herein, Coquette has obtained direct and indirect profits it would not otherwise have realized but for its infringement of Klauber's rights in the Subject Design. As such, Klauber is entitled to disgorgement of Coquette's profits directly and indirectly attributable to Coquette's infringement of Klauber's rights in the Subject Design, in an amount to be established at trial.

35. On information and belief, Klauber alleges that Coquette has committed acts of vicarious copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Coquette to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to $150,000.00 per infringement and/or a preclusion from asserting certain equitable and other defenses.

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays for judgment as follows:

### Against All Defendants

With Respect to Each Claim for Relief

a. That Defendants, their agents and employees be enjoined from infringing Plaintiff's copyrights in any manner, specifically those for the Subject Design;

b. That Plaintiff be awarded all profits of Defendants plus all losses of Plaintiff, plus any other monetary advantage gained by the Defendants through their infringement, the exact sum to be proven at the time of trial, or, if elected before final judgment, statutory damages as available under the Copyright Act, 17 U.S.C. § 505 et seq.;

c. That a trust be imposed over the revenues derived by Defendants, and each of them, through the sales or distribution of the product at issue;

d. That Plaintiff be awarded its attorneys' fees as available under the Copyright Act, 17 U.S.C. § 505 et seq.;

e. That Defendants, and each of them, account to Plaintiff for their profits and any damages sustained by Plaintiff arising from the foregoing acts of infringement;

f. That Plaintiff be awarded pre-judgment interest as allowed by law;

g. That Plaintiff be awarded the costs of this action; and

h. That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

Plaintiff demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

Respectfully submitted,

Dated: November 4, 2026

By: *<u>/s/ Trevor W. Barrett</u>*
Trevor W. Barrett, Esq.
Nelson Campbell, Esq.
DONIGER / BURROUGHS
Attorneys for Plaintiff